IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31907-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RICHARD CHARLES HARRIS, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Richard Charles Harris appeals his judgment and sentence, contending the sentencing court erred by imposing special costs. Because the imposition of these costs was a scrivener's error, we remand to the sentencing court to remove the assessment of these costs.

## FACTS

A jury found Richard Harris guilty of rape of a child in the first degree with two aggravating factors. After conviction, the State filed a cost bill identifying $2,748.26 in special costs. The court imposed an exceptional sentence of 180 months. During sentencing, the court found that Mr. Harris would not have the ability to pay legal financial obligations, reasoning as follows:

53 plus 15 is 68 [years old]. I cannot make a finding that he would have the ability to pay legal/financial obligations upon release from prison. So, I can, by law, only impose the mandatory assessments. That would be the $500.00 victim assessment, and is the $100.00 felony DNA [deoxyribonucleic acid] collection fee, is that mandatory? I don't think so. So, I'll just cross that out. So, it's the $500.00. Costs, I cannot assess either because I cannot make that finding that he would ever have the ability to pay that.

Report of Proceedings at 1470.

On questioning by the court, Mr. Harris stated that he did not have any money in the bank or property that he could sell. Notwithstanding the court's finding that Mr. Harris did not have the ability to pay court costs, the judgment and sentence ordered Mr. Harris to pay the court costs identified in the cost bill. However, the court crossed out the $100 DNA collection fee.[1]

## ANALYSIS

The issue is whether the sentencing court erred in imposing special costs of $2,748.26. Mr. Harris contends the court improperly delegated the determination of court costs to the court clerk and thereby failed to consider his ability to pay. He also contends that the record is insufficient to support the imposition of special costs set forth in the cost bill.

---

[1] The court improperly crossed out the DNA collection fee. Under RCW 43.43.754, the DNA collection fee is required, irrespective of the defendant's

2

No. 31907-5-III
*State v. Harris*

The State admits that the special costs should not have been assessed, noting that their imposition was likely a scrivener's error. We agree. In view of the court's finding that Mr. Harris would be 68 years old on release from prison and therefore unable to pay the court-imposed costs, the imposition of the special costs in the judgment and sentence is error. The remedy for clerical or scrivener's errors in judgment and sentence forms is to remand to the trial court for correction. *In re Pers. Restraint of Mayer*, 128 Wn. App. 694, 701, 117 P.3d 353 (2005).

We remand for the trial court to correct this scrivener's error and also to impose the mandatory DNA collection fee.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Siddoway, C.J.

Brown, J.

---

ability to pay. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013).

3